```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
DART BROKERAGE CORP.,                                         :
                              Plaintiff,                      :
                                                              :    13 Civ. 04015 (LGS)
            -against-                                         :
                                                              :    ORDER AND OPINION
AMERICAN COMMERCE INSURANCE                                   :
COMPANY,                                                      :
                              Defendant.                      :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Dart Brokerage Corp. ("Dart") brings this action for breach of contract and unjust enrichment against American Commerce Insurance Company ("ACIC") resulting from the termination of the parties' agreement (the "Agency Agreement"). Defendant ACIC brings this motion to dismiss Plaintiff's claims for unjust enrichment and quantum meruit. Those claims may be analyzed together and are collapsed for the purposes of this motion. *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 663 (2d Cir. 1996). For the reasons stated below, the motion to dismiss is denied.

I. Background

Plaintiff, an insurance broker, solicited prospective insureds for ACIC. Over the course of one year, Plaintiff found a large number of insureds for Defendant, generating hundreds of thousands of dollars in revenue for Defendant. Defendant terminated the Agency Agreement on July 14, 2010. Defendant stopped paying Plaintiff renewal commissions on July 1, 2011. Plaintiff, despite not being paid, continued to service Defendant ACIC's customers, including accepting payments from ACIC's insureds, and transmitting faxes and emails on behalf of ACIC.

.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party.  *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).  To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*   While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 555), *cert. denied*, 133 S. Ct. 846 (2013).  Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a)(2).

The Agency Agreement contains an Ohio choice of law provision.  The claims at issue, however, are extra-contractual.  "In order for a choice-of-law provision to apply to claims for tort arising incident to the contract, the express language of the provision must be sufficiently broad

as to encompass the entire relationship between the contracting parties." *Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996) (internal quotations marks omitted). The choice of law provision in the contract merely states that the Agency Agreement "shall be interpreted under the laws of the State of Ohio." This is insufficiently broad to govern the quasi-contractual unjust enrichment claim.

Under New York choice of law principles, which apply in this diversity action, the applicable law for quasi-contract claims is determined by a center of gravity analysis. *See GlobalNet Financial.com, Inc. v. Frank Crystal & Co.,Inc.*, 449 F.3d 377, 383 (2d Cir. 2006). This analysis focuses on, *inter alia*, the place of performance, negotiation, and the location and domicile of the parties. *Id.* Both parties rely on New York law in connection with this motion; Dart is a New York Corporation; and the Complaint alleges that "the transaction of events that is the subject of this lawsuit occurred within" Bronx County. Accordingly, New York law applies.

**III. Discussion**

Defendant argues that Plaintiff's claim for unjust enrichment fails as a matter of law because of the existence of a valid contract between the parties. "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi[-]contract for events arising out of the same subject matter." *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987). However, "recovery in quasi-contract outside the existing contract may be had if a party has rendered additional services upon extra-contractual representations by the other party." *U.S. E. Telecommunications, Inc. v. US W. Commc'ns Servs., Inc.*, 38 F.3d 1289, 1298 (2d Cir. 1994). "[A] party is not precluded from proceeding on both breach of contract and quasi-contract theories where there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue." *Curtis Props. Corp. v. Greif Companies*, 653 N.Y.S.2d 569, 571 (1st Dept.1997). "[C]ourts

generally dismiss claims for quantum meruit on the pleadings only when it is clear from the face of the complaint that there exists an express contract that clearly controls." *Knudsen v. Quebecor Printing (U.S.A.) Inc.*, 792 F. Supp. 234, 237 (S.D.N.Y. 1992) (citing *Clark-Fitzpatrick, Inc.*, 516 N.E.2d at 193).

Defendant relies on a section of the Agency Agreement that provides for compensation after termination of the agreement. It states that in the event of termination of the Agency Agreement:

> Unless required by law, the Company shall have no obligation to pay commissions to the Agent or to renew or continue coverage through the Agent. However, if the Agent so requests, the Company may, at its option, renew for one term and continue to pay commissions on any policies placed by the Agent with the Company which expire after termination, either at the rate specified in Schedule A or at the Company's standard rate at the time of renewal, whichever is less.

While this provision may ultimately prove to cover all work performed by Plaintiff, the Plaintiff has alleged that it performed work outside of the scope of the contract for which it is owed compensation, such as post-termination payment processing. It is not clear on the pleadings whether the contract "clearly controls" all of the claims made by Plaintiff. Accepting as true the Plaintiff's well pleaded allegations, dismissal of the unjust enrichment claim at this time is premature.

## IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss Plaintiff's unjust enrichment and quantum meruit claims is DENIED.

Dated: November 7, 2013
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE